J-S15027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNIE JAVON SWIFT | : | |
| | : | |
| Appellant | : | No. 664 WDA 2020 |

Appeal from the PCRA Order Entered June 17, 2020
In the Court of Common Pleas of Erie County Criminal Division
at No: CP-25-CR-0003235-2016

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED: July 2, 2021**

Donnie Javon Swift (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

On the morning of July 15, 2016, Appellant and his co-conspirator, Antonio McGlory, ransacked and burglarized the home of Ja.T. (Victim). The Victim's two children, J.T. and H.G., were alone in the home during the burglary. "When [Appellant and McGlory] were finished," Appellant pointed a "gun at the children's heads" and "threatened to kill them if they told anyone about what happened." Trial Court Opinion, 8/15/18, at 2 (citing N.T., 6/15/17, at 24, 29); **see also** N.T., 6/15/17, at 28, 32 (J.T. clarifying "one" of the perpetrators "put guns to our heads").

_____

[*] Retired Senior Judge assigned to the Superior Court.

On June 16, 2017, a jury convicted Appellant of one count each of criminal conspiracy to commit burglary (overnight accommodation and person present), burglary (overnight accommodation and person present), persons not to possess firearms, firearms not to be carried without a license, and possessing an instrument of crime with intent to employ criminally; the jury additionally convicted Appellant of two counts each of terroristic threats with intent to terrorize another, simple assault, and recklessly endangering another person (REAP).[1]  In Appellant's direct appeal, this Court summarized the procedural history:

> . . . At Appellant's sentencing hearing on July 25, 2017, the Commonwealth presented the trial court with three different guideline sentencing forms each for conspiracy and for burglary: one with the deadly weapon used enhancement ("DWE Used"), one with the deadly weapon possessed enhancement ("DWE Possessed"),[FN]3 and one with no sentencing enhancement listed.[FN]4
>
> > [FN]3 The Pennsylvania Sentencing Guidelines include two circumstances in which a deadly weapon enhancement applies: "[w]hen the court determines that the offender **possessed** a deadly weapon during the commission of the current conviction offense," 204 Pa. Code § 303.10(a)(1) (emphasis added); or "[w]hen the court determines that the offender **used** a deadly weapon during the commission of the current conviction offense," *id.* § 303.10(a)(2) (emphasis added).  A "deadly weapon" includes any loaded or unloaded firearm.  *Id.* § 303.10(a)(1)(i), (2)(i).  "The Deadly Weapon Enhancement shall apply

_____

[1] 18 Pa.C.S.A. §§ 903, 3502(a)(1), 6105(a)(1), 907(a), 2706(a)(1). 2701(a)(3), and 2705.

- 2 -

to each conviction offense for which a deadly weapon is possessed or used." ***Id.*** § 303.10(a)(4).

[FN]4 Neither party argued that no deadly weapon sentencing enhancement was applicable. ***See generally*** N.T., 7/25/2017. Accordingly, we need not address whether the Commonwealth presented evidence that Appellant possessed a firearm when he entered the victims' apartment.

\*　　　\*　　　\*

Appellant contended that DWE Possessed was proper, instead of DWE Used, "as no one was injured, and [there was] no allegations of anyone being injured." N.T., 7/25/17, at 3; ***see also id.*** at 4, 7-8. The Commonwealth "strongly disagree[d,]" arguing that DWE Used should be applied. ***Id.*** at 10-11. The trial court agreed with the Commonwealth and applied DWE Used to both counts. ***Id.*** at 21. The court sentenced Appellant to 33 to 66 months for conspiracy and 54 to 108 months for burglary. ***Id.*** at 21-22.

Also at sentencing, the Commonwealth initially "concede[d]" that [simple assault] merged with REAP for sentencing purposes but then changed its position. ***Id.*** at 12-13. The trial court ordered separate sentences on each count of [simple assault] and REAP – 12 to 24 months for each count of [simple assault] and 9 to 18 months for each count of REAP. ***Id.*** at 21-22.

Appellant's aggregate sentence on all counts was 102 to 204 months or 8.5 to 17 years. ***Id.*** at 23. The trial court also entered a written sentencing order. Sentencing Order, 7/25/2017.

On August 4, 2017, Appellant filed a motion for reduction of sentence, which the trial court denied on August 10, 2017. On October 13, 2017, Appellant, *pro se*, filed a petition pursuant to the Post Conviction Relief Act ("PCRA"). On November 13, 2017, the PCRA court ordered that Appellant's "rights to file Post-Sentence Motions and a Direct Appeal are reinstated *nunc pro tunc*" and that "[a]ny post-sentence motion must be filed within ten (10) days of the date of this order." Order, 11/13/2017, at ¶¶ 3-4.

> After the trial court granted multiple extensions of time, Appellant filed a post-sentence motion on February 26, 2018, which included a motion for modification of sentence, again maintaining that the trial court should have applied DWE Possessed, instead of DWE Used, for conspiracy and burglary, and contending that the sentences for [simple assault] and REAP should have merged. Post-sentence Motion, 2/26/2018, at ¶¶ 1-2. The modification motion also noted a clerical error in the written sentencing order, compared to the sentences imposed during the sentencing hearing. *Id.* at ¶ 3. Additionally, the post-sentence motion included a motion for a new trial and a motion for judgment of acquittal. *Id.* at ¶¶ 4-6.
>
> On May 17, 2018, the trial court entered orders correcting the clerical error in the original written sentencing order but otherwise denying the post-sentence motion. On June 15, 2018, Appellant filed a timely notice of appeal.

*Commonwealth v. Swift*, 886 WDA 2018, at *4-7 (Pa. Super. 2019) (unpublished memorandum) (some footnotes omitted, emphasis in original).

On appeal, we concluded the trial court erred in applying the DWE Used enhancement rather than the DWE Possessed enhancement. *Id.* at 18-20 (citing *Commonwealth v. Tavarez*, 174 A.3d 7, 12-13 (Pa. Super. 2017)). We also found the trial court erred in failing to merge simple assault and REAP at sentencing. Accordingly, we affirmed Appellant's convictions, but vacated the judgment of sentence and remanded for resentencing.

On August 29, 2019, the trial court resentenced Appellant, but did not merge the two counts of simple assault with the two counts of REAP. On September 9, 2019, Appellant filed a post-sentence motion seeking to have the convictions merged; the trial court granted the motion and issued an amended sentencing order on September 17, 2019.

On October 10, 2019, Appellant filed the underlying *pro se* PCRA petition. The PCRA court appointed William Hathaway, Esquire (PCRA Counsel), who filed a supplemental petition on November 18, 2019. Beginning on November 29, 2019, Appellant sent numerous *pro se* letters to the PCRA court; the letters were addressed to various individuals, including the Clerk of Courts, PCRA Counsel, and the Honorable Daniel J. Brabender, Jr., who sat as the PCRA court. In the letters, Appellant requested updates on his pending petition and sought to raise additional claims. The PCRA court forwarded the relevant letters to PCRA Counsel pursuant to Pa.R.Crim.P. 576(a)(4). On January 2, 2020, PCRA Counsel filed a second supplemental petition.

On May 18, 2020, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant did not respond, and on June 17, 2020, the PCRA court dismissed the petition without a hearing. Appellant filed a timely *pro se*[2] notice of appeal. In his counseled brief, Appellant raises one issue:

---

[2] The filing of *pro se* pleadings while represented by counsel is considered "hybrid" representation and is prohibited within the Commonwealth. **See Commonwealth v. Staton**, 184 A.3d 949, 958 (Pa. 2018) (no defendant has a constitutional right to self-representation together with counseled representation "either at trial or on appeal"); **see also Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011) (citing Pennsylvania's long-standing policy precluding hybrid representation). We recognize, however, that when an appellant is represented by counsel at the time he files a *pro se* notice of appeal, the appeal has effect and is not a nullity. **See Commonwealth v.**
*(Footnote Continued Next Page)*

> A. Whether the lower Court erred in failing to find ineffective assistance of counsel arising from the failure of defense counsel to raise an objection or [s]eek the dismissal of count 1 wherein neither the criminal information or the jury instructions identified or specified what the 'overt act' was in furtherance of the conspiracy as charged?

Appellant's Brief at 2.

Before we address this issue, we examine the PCRA court's jurisdiction. A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Further:

> For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.Crim.P. 901, cmt.

Appellant's judgment of sentence did not become final until October 17, 2019, when the time for filing a notice of appeal in this Court expired. 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 903(a) (providing an appellant 30 days from the "entry of the order from which the appeal is taken" to file a notice of appeal). Therefore, when Appellant filed his *pro se* PCRA petition on October 10, 2019, the 30-day period in which to appeal had not expired, and Appellant's *pro se* petition was premature.

*(Footnote Continued)* ————————————

***Cooper***, 27 A.3d 994, 1007 (Pa. 2011) (*pro se* notice of appeal from final judgment filed by represented appellant is not automatically void).

However, after the PCRA court appointed counsel, PCRA Counsel filed a timely supplemental petition on November 18, 2019, after Appellant's judgment of sentence became final. Accordingly, PCRA Counsel's timely filing was properly before the PCRA court.

Turning to the merits of Appellant's issue, we reiterate that when reviewing an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Appellant challenges the effectiveness of trial counsel. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the

proceeding would have been different." *Id.* (citation omitted). A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) (explaining "appellants continue to bear the burden of pleading and proving each of the *Pierce* elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018).

Appellant argues trial counsel was ineffective for failing to object or seek dismissal of the charge of conspiracy to commit burglary "wherein neither the criminal information or the jury instructions rendered at trial identified or delineated what the 'overt act' was in furtherance of the conspiracy. . . ." Appellant's Brief at 5. Appellant contends he "sustained prejudice in not being afforded due notice in the form of the criminal information as the charging document," and trial counsel's failure to object "amounted to a fatal defect, which was never cured." *Id.* at 6.

Appellant was charged and the jury was instructed pursuant to the pre-2017 version of the burglary statute. *See* 18 Pa.C.S.A. § 3502(a)(1) (effective Feb. 21, 2014 to Jan. 2, 2017). Under the statute, a person was guilty of burglary, "if, with the intent to commit a crime therein, the person enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." *Id.* "To sustain a burglary conviction, the Commonwealth is required to prove beyond a reasonable

doubt that the offender entered the premises with the contemporaneous intent of committing a crime therein, at a time when he or she was not licensed or privileged to enter." ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1078 (Pa. 2017). A burglary is complete the moment the residence is entered. ***See, e.g., Commonwealth v. Tavarez***, 174 A.3d 7, 13 (Pa. Super. 2017).

The crime of conspiracy "requires proof of three elements: 1) an agreement, 2) shared criminal intent, and 3) an overt act." ***Commonwealth v. Johnson***, 180 A.3d 474, 479 (Pa. Super. 2018). The "overt act" taken in furtherance of a conspiracy to commit burglary can be entering a house without authorization. ***See Commonwealth v. Riley***, 811 A.2d 610, 614 (Pa. Super. 2002).

Here, the criminal information charged Appellant, in relevant part, as follows:

> The District Attorney of Erie County by this Information charges that on or about July 15, 2016, in the said County of Erie and State of Pennsylvania, the said [Appellant] with the intent of promoting or facilitating the commission of the crime of BURGLARY, did agree with ANTONIO MCGLORY and others, known or unknown, to engage in conduct which constitutes such crime or/and attempt or solicitation to commit such crime, and/or to aid such other person(s) in the planning or commission of such crime, and in furtherance thereof, BURGLARY, occurring at [ ] 2nd Street, Downstairs. City of Erie, Erie County, Pennsylvania; thereby the said [Appellant] did commit the crime of CRIMINAL CONSPIRACY, a Felony of the First Degree.

> **COUNT TWO:**

> AND THE DISTRICT ATTORNEY FURTHER CHARGES that on the day and year aforesaid in the said County of Erie and State of Pennsylvania, the said [Appellant] did enter a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense a person was present, with the intent to commit a crime therein, to-wit: the said [Appellant] **did FORCEFULLY ENTER A RESIDENCE** AND BRANDISH A FIREARM BEFORE COMMITTING A THEFT, occurring at [ ] 2nd Street, Downstairs, City of Erie, Erie County, Pennsylvania; thereby the said [Appellant] did commit the crime of BURGLARY, a Felony of the First Degree.

Criminal Information, 11/28/16 (emphasis added).

In describing the "Acts of the accused" for conspiracy, the criminal complaint states, "The above named defendant did conspire with Antonio McGlory **to forcefully enter** [] 2nd St downstairs apartment, and brandished a firearm before committing theft." Police Criminal Complaint, 10/10/16, at 2 (emphasis added).

To the extent Appellant claims trial counsel's ineffectiveness based on counsel's failure to object to allegedly insufficient notice of the factual basis underlying the conspiracy charge – specifically, "identifying" or "delineating" the overt act – this claim is belied by the record. The criminal information states Appellant's overt act in furtherance of the conspiracy was "forcefully enter[ing] a residence." *See* Criminal Information, 11/28/16. Likewise, the criminal complaint describes the overt act pertaining to conspiracy as Appellant "forcefully enter[ing]" the Victim's apartment. *See* Police Criminal Complaint, 10/10/16, at 2. Accordingly, Appellant's issue lacks merit.

For the above reasons, we discern no error by the PCRA court and affirm the order dismissing Appellant's petition.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2021

_____

[3] On October 26, 2020 and February 22, 2021, Appellant sent *pro se* correspondence to this Court seeking to raise two additional claims: 1) a challenge to the offense gravity score due to lack of specificity in the jury verdict slips; and 2) a legality of sentence claim based on merger of simple assault and REAP. Although the trial court resolved Appellant's legality of sentence claim in its amended sentencing order of September 17, 2019, the correspondence in both instances was a legal nullity because Appellant has counsel and is not entitled to hybrid representation; consequently, we forwarded Appellant's correspondence to counsel pursuant to **Jette**. **See supra** at 1036.